UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL GARRISON,      Civil Action No.: 19-12536
                                          Honorable Judith E. Levy
            Plaintiff,    Magistrate Judge Elizabeth A. Stafford

v.

CAMBER
PHARMACEUTICALS
INC., *et al.*,

           Defendants.

_____/

**REPORT AND RECOMMENDATION TO DISMISS COMPLAINT WITH
PREJUDICE FOR FAILURE TO PROSECUTE**

**I.**    **Introduction**

Plaintiff Michael Garrison, proceeding *pro se*, brought this personal injury product liability action in August 2019 against Defendants Camber Pharmaceuticals Inc., Legacy Pharmaceutical Packaging (Legacy) and Walmart Pharmacy, asserting that he received adulterated medication that was later recalled and that exposed him to an increased risk of cancer. [ECF No. 1]. The Honorable Judith E. Levy referred the matter to the undersigned for all pretrial proceedings under 28 U.S.C. § 636(b). [ECF

No. 7]. The Court now **RECOMMENDS** that Garrison's complaint be **DISMISSED WITH PREJUDICE** for failure to prosecute.

## II. Background

In October 2019, Legacy moved to dismiss the claims against them for lack of personal jurisdiction. [ECF No. 13]. Garrison did not respond, so the Court issued an order to show cause why his complaint should not be dismissed for the reasons described in Legacy's motion or for failure to prosecute. [ECF No. 17]. The show cause order was mailed to the address of record but returned as undeliverable as addressed. [ECF No. 16; ECF No. 18]. Nearly a month after the order to show cause was issued, Garrison moved for an extension of time to respond to the motion to dismiss. [ECF No. 19]. The Court granted the motion for more time, and Garrison was required to file his response by January 31, 2020. [ECF No. 24]. But Garrison still failed to respond to Legacy's motion.

## III. Analysis

If a plaintiff fails to prosecute an action, it can be dismissed either under the Court's inherent power to control its docket or involuntarily under Federal Rule of Civil Procedure 41(b). *Link v. Wabash R. Co.*, 370 U.S. 626, 629-632, (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot

2

seriously be doubted."). The authority to dismiss a plaintiff's case for failure to prosecute is available to the district court "as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Schafer v. City of Defiance Police Dep't.*, 529 F.3d 731, 736 (6th Cir. 2008) (quoting *Knoll v. AT&T*, 176 F.3d 359, 363 (6th Cir. 1999)). And this Court's local rules provide that when "the parties have taken no action for a reasonable time, the court may, on its own motion after reasonable notice or an application of a party, enter an order dismissing . . . the case unless good cause is shown." E.D. Mich. LR 41.2. Dismissal for want of prosecution is ordinarily with prejudice. Rule 41(b); *Link*, 370 U.S. at 629.

The Sixth Circuit has set forth four factors to be used as guidance when deciding whether a case should be dismissed for failure to prosecute under Federal Rule of Civil Procedure 41(b): "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *Knoll*, 176 F.3d at 363. Although Garrison is proceeding *pro se*, and is thus held to less stringent standards, the leniency

3

granted is not boundless.  *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004).  "[*P*]*ro se* litigants are not to be accorded any special consideration when they fail to adhere to readily-comprehended court deadlines." *Bunting v. Hansen*, 05-10116-BC, 2007 WL 1582236 (E.D. Mich. May 31, 2007) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)).

Analysis of the *Knoll* factors weighs in favor of dismissal.  With respect to the first factor, Garrison's failure to respond to Legacy's motion to dismiss even after being granted more time to do so shows willfulness or, at the very least, fault on Garrison's part.

As to the second factor—the prejudice to Legacy—it states in its motion to dismiss that it is a Missouri corporation and that its ties to Michigan are insufficient for the Court to exercise personal jurisdiction over it. [ECF No. 13-1].  Garrison has the burden of showing of showing that personal jurisdiction exists.  *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002).  But he has failed to respond to Legacy's motion to explain why it should be haled from out of state to litigate in this Court.  *See Ratledge v. Norfolk S. Ry. Co.*, 958 F. Supp. 2d 827, 831 (E.D. Tenn. 2013) (out-of-state defendant must maintain minimum contacts with forum state to be haled into court there).  Legacy is prejudiced by being

4

forced to litigate here without Garrison sustaining his burden of showing sufficient minimum contacts to establish personal jurisdiction.

The third and fourth factors also weigh heavily in favor of dismissal. Garrison has failed to participate in the prosecution of his claims since he filed his August 2019 complaint. And, in November 2019, the Court warned Garrison in the order to show cause that his failure to timely respond to Legacy's motion to dismiss may result in dismissal of the case. [ECF No. 17]. The Court tried less drastic measures; it issued the order to show cause and granted Garrison more time to respond to the motion to dismiss. Those measures have not worked. Under these circumstances, "dismissal is the only appropriate remedy" because Garrison "has effectively abandoned the case." *Morley v. Comm'r of Soc. Sec.*, No. 12-14653, 2013 WL 2051326, *1 (E.D. Mich. May 14, 2013).

**IV.   Conclusion**

For these reasons, the Court **RECOMMENDS** that Garrison's complaint be **DISMISSED WITH PREJUDICE** for failure to prosecute.

s/Elizabeth A. Stafford  
ELIZABETH A. STAFFORD  
United States Magistrate Judge

Dated: March 23, 2020

## **NOTICE TO THE PARTIES REGARDING OBJECTIONS**

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  A copy of any objection must be served upon this Magistrate Judge.  E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in**

**length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 23, 2020.

                                      s/Marlena Williams
                                      MARLENA WILLIAMS
                                      Case Manager